UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------

ELISHA MERRITT,

                             Plaintiff,

    v.                                                9:23-CV-1465 (DNH/TWD)

J. HICKS, Sergeant, JOHN DOE A, Correctional Officer, JOHN DOE B, Correctional Officer, JOHN DOE C, Correctional Officer, JOHN DOE D, Correctional Officer, and JOHN DOE E, Correctional Officer,

                             Defendants.
--------------------------------------

APPEARANCES:

ELISHA MERRITT
Plaintiff, pro se
21-B-0441
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

      In November 2023, pro se plaintiff Elisha Merritt ("Merritt" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").

      In a Decision and Order filed on January 3, 2024 (the "January Order"), the Court reviewed the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. *See* Dkt. No. 6.

On the basis of that review, the Court found that Merritt's Eighth Amendment and racial discrimination claims related to incidents that occurred in September 2017, against Corrections Officers John Doe A, B, C, D, and E, were sufficiently plead. *Id*. at 21-27.

However, the Court noted that the complaint was signed on November 16, 2023. *Id*. at 23. Therefore, the Court held that, because "each of the aforementioned claims are based on discrete events that were completed before November 16, 2020 [. . .] in the absence of some basis for tolling or disregarding the limitations period, any claim that accrued before November 16, 2020 is subject to dismissal as untimely asserted." *Id.*

The Court discussed the possible basis for tolling and concluded that, "Section 214-g extends the statute of limitations for state law claims respecting child sexual abuse, but does not extend the statute of limitations for Section 1983 claims." Dkt. No. 6 at 26. The Court dismissed the complaint and afforded plaintiff the opportunity to present tolling arguments in an amended pleading. *Id.* Plaintiff was advised that if he wished to proceed with the action, he must file an amended complaint within thirty days of the January Order. *Id*. at 27.

Presently before the Court is plaintiff's motion for reconsideration of the portion of the January Order that dismissed the Eighth Amendment claims as untimely. Dkt. No. 8.

## II. DISCUSSION

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]"  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Merritt argues that the Court misconstrued his complaint.  Specifically, plaintiff alleges that his Section 1983 claims are brought pursuant to "N.Y.C.P.L.R. 214(j), the Adult Survivors Act, not 214(g), the Child Victims Act."  Dkt. No. 8 at 3.  Thus, Merritt claims that his Eighth Amendment claims are sufficiently pled and timely.  *Id*. at 5.

Affording plaintiff's pleadings the "special solicitude" due to pro se plaintiff's, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), the Court grants reconsideration on this issue and will determine whether Merritt's Eighth Amendment claim related to sexual abuse is timely pursuant to N.Y.C.P.L.R. § 214-j.

The ASA provides adult victims with an opportunity to revive claims during the lookback period that were previously barred because of the statute of limitations or because the plaintiff failed to file a notice of claim or a notice of intention to file a claim.  *See* N.Y. C.P.L.R. § 214-j.  The ASA only allows courts to revive claims or causes of action limited to those that "would constitute a sexual offense as defined in [N.Y. Penal L. § 130.00.]"  *Id.*

At this preliminary stage, plaintiff has sufficiently alleged facts to suggest that tolling applies with respect to his Eighth Amendment claims.[1]  *See Wilkie v. Vill. of Hempstead*, No.

---

[1] This preliminary finding does not preclude defendants from filing motions related to the issue of
(continued...)

22-CV-00920, 2023 WL 5952056, at *5 (E.D.N.Y. June 20, 2023).

## III. SERVICE ISSUES

Despite finding that a response to the complaint is required, there is an impediment to service. The only defendants are Does, whose identities are not presently known. Under normal circumstances, when a pro se plaintiff includes Doe defendants, together with named defendants, the complaint is served upon the named defendants and the plaintiff pursues discovery to identify the Doe defendants. In this case, however, the only defendants have not been identified by name.

In light of the foregoing, the Clerk of Court shall send a copy of the complaint and this Decision and Order to the Office of the Attorney General. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the Attorney General's Office attempt to ascertain the full name of the defendants.[2] The Attorney General's Office is also requested, to the extent that it is able to identify the defendants, to provide the address where the defendants can currently be served. The Attorney General need not undertake to defend or indemnify the individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

## IV. REMAINING ISSUES

Merritt's last known address, and address currently listed on the Docket Report for this action is Cayuga County Correctional Facility. On January 22, 2024, Merritt was incarcerated

---

[1](...continued)
timeliness.

[2] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

at Orleans Correctional Facility.  Dkt. No. 8 at 7.  A recent search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision, using Merritt's name reveals that Merritt (DIN 21-B-0441) is presently incarcerated at Collins Correctional Facility.  *See* N.Y.S. DOCS Inmate Population Information Search website at http://nysdocslookup.docs.state.ny.us (last visited Mar. 5, 2024).

Under this Court's rules, an unrepresented litigant is under a duty to inform the court of any address changes IN WRITING.  *See* N.D.N.Y.L.R. 10.1(c)(2).  For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes.  Consequently, Merritt is advised that he must file a change of address within THIRTY DAYS, and he must continue to submit any address changes to the court as long as his action is pending.  "Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 8) is **GRANTED**; and

2. The Eighth Amendment claims against C.O. Does A, B, C, D, and E survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and

3. The Office of the Attorney General is hereby requested to produce the information

specified above, to the extent that it can, regarding the identity of the defendants within **thirty (30) days** of the filing date of this Decision and Order.  The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record.  Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

    4. That Hicks is **DISMISSED** as a defendant herein; and

    5. The Clerk is directed to serve a copy of this Order and a Change of Address form on Merritt at his last known address and the address of the facility listed in the Inmate Information Database (Collins C.F.), by regular mail.

    IT IS SO ORDERED.

Dated:  March 11, 2024
       Utica, New York.

_____
United States District Judge