UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELISHA MERRITT,

                      Plaintiff,            9:23-CV-1465
                                                    (DNH/TWD)
      v.

DOE A, Correctional Officer, JOHN DOE B,
Correctional Officer, JOHN DOE C, Correctional
Officer, JOHN DOE D, Correctional Officer, and
JOHN DOE E, Correctional Officer,

                      Defendants.

---

APPEARANCES:                                              OF COUNSEL:

ELISHA MERRITT
Plaintiff, pro se
21-B-0441
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Elisha Merritt ("plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). With the complaint, plaintiff filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

In a Decision and Order filed on January 3, 2024 (the "January Order"), this Court reviewed the sufficiency of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 6.  Based upon that review, the Court found that Merritt's Eighth Amendment and racial discrimination claims related to incidents that occurred in September 2017, against Corrections Officers John Doe A, B, C, D, and E, were sufficiently plead.  *Id*. at 21-27.

However, the Court noted that the complaint was signed on November 16, 2023, *id.* at 23, and held that, because "each of the aforementioned claims are based on discrete events that were completed before November 16, 2020 [. . .] in the absence of some basis for tolling or disregarding the limitations period, any claim that accrued before November 16, 2020 is subject to dismissal as untimely asserted."  *Id*.  In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint.  Dkt. No. 6 at 27.

On January 22, 2024, plaintiff filed a motion for reconsideration of the portion of the January Order that dismissed the Eighth Amendment claims as untimely.  Dkt. No. 8.

In a Decision and Order filed on March 11, 2024 (the "March Order"), the Court granted plaintiff's motion for reconsideration and found that Merritt's Eighth Amendment claims related to sexual abuse were timely pursuant to N.Y.C.P.L.R. § 214-j.  Dkt. No. 9 at 3. However, because the claims were asserted against defendants whose identities were not known, the Court instructed the Clerk of the Court to send a copy of the complaint and the March Order to the Office of the Attorney General.  *Id.* at 4.  The Attorney General's Office was instructed to attempt to ascertain the identity of the defendants and an address where the defendants could be served and to provide that information.  *Id.*

On April 25, 2024, the Attorney General's Office responded to the March Order. Dkt. No. 13. In an Order filed on May 10, 2024 (the "May Order"), the Court directed the Clerk of the Court to forward a copy of the response to plaintiff. Dkt. No. 14. Plaintiff was directed as follows:

> It is ordered that plaintiff has thirty days from the date of this Order to file an amended complaint that correctly identifies the defendants in his complaint. In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk shall forward to plaintiff a copy of his complaint (Dkt. No. 1). Plaintiff may identify the defendants by handwriting the names in the appropriate locations throughout on the copy of the complaint and indicate in the caption of the document that it is the amended complaint. Once plaintiff has made these changes to the copy of the operative pleading, captioned it as his amended complaint, and signed the proposed pleading, he should submit it to the Court for review.

Dkt. No. 14.

On May 24, 2024, plaintiff requested additional assistance in identifying the Doe defendants. Dkt. No. 16. In an Order filed on May 28, 2024, the Court granted plaintiff's request and directed the Attorney General's Office to provide additional information. Dkt. No. 17. On July 5, 2024, the Attorney General's Office responded. Dkt. No. 19.

On July 15, 2024, the Court issued an Order directing the Clerk to forward a copy of the response to plaintiff. Dkt. No. 20. Plaintiff was directed to provide an amended complaint. *Id*.

On August 14, 2024, plaintiff submitted an amended complaint in accordance with the Court's Orders. Dkt. No. 21 ("Am. Compl.").

## II. REVIEW OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim

3

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the January Order and it will not be restated in this Decision and Order. *See* Dkt. No. 6 at 2-4.

### B. Summary of Amended Complaint

With the amended complaint, plaintiff identified the following defendants: Correction Officer S. Wolf ("Wolf"); Correction Officer M. Gates ("Gates"); Correction Officer D. Fenlong ("Fenlong"); Correction Officer J. Coffey ("Coffey"); Correction Officer S. Helvie ("Helvie"); Correction Officer D. Best ("Best"); and Correction Officer J. Marra ("Marra").[1] Am. Compl. at 1-3. While plaintiff also identifies previously dismissed defendant Sgt. J. Hicks ("Hicks") as a defendant. *Id*. The facts asserted in the amended complaint are identical to those plead in the original complaint. *Compare* Compl. *with* Am. Compl.

### C. Analysis

#### 1. Claims Against Hicks

In the January Order, the Court dismissed the Eighth Amendment and First Amendment retaliation claims against Hicks, with prejudice, based upon the doctrine of res judicata. *See* Dkt. No. 6 at 11-12. Thus, to the extent plaintiff intends to reassert these claims against Hicks with the amended complaint, these claims are dismissed for the reasons set forth in the January Order.

In the January Order, the Court also dismissed the remaining claims against Hicks; conspiracy, corruption, equal protection, deliberate medical indifference, and substantive due process, without prejudice. *See* Dkt. No. 6 at 13-17.

---

[1] The Clerk of the Court is directed to add these defendants to the Docket Report and to terminate the Doe defendants.

Upon review, the amended complaint includes no new factual allegations against Hicks and the allegations are substantially the same as those in the complaint reviewed in the January Order. *Compare* Compl. *with* Am. Compl. Upon review of the amended complaint, the Court finds that plaintiff has failed to remedy the pleading deficiencies identified in the January Order. As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that plaintiff is entitled to relief against Hicks. For the reasons set forth in the January Order, the claims against Hicks are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 2. Claims Against Wolf, Gates, Fenlong, Coffey, Best, Helvie, and Marra

As a result of the review of the complaint, the Court held that Merritt's Eighth Amendment claims against the Doe defendants required a response. With the amended complaint, plaintiff repeats those claims and substitutes Wolf, Gates, Fenlong, Coffey, Best, Helvie, and Marra for the unidentified defendants. *See generally* Am. Compl. The Court finds that the excessive force claims survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

The Court has reviewed the remaining claims against Wolf, Gates, Fenlong, Coffey, Best, Helvie, and Marra in the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the January Order. As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that he is entitled to relief for his remaining claims. As a result, and for the reasons set forth in the January Order, plaintiff's remaining claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

Therefore, it is

ORDERED that

1. The amended complaint (Dkt. No. 21) is **ACCEPTED** for filing and is the operative pleading in this action;

2. The Clerk shall revise the Docket Report as follows: (i) add Wolf, Gates, Fenlong, Coffey, Best, Helvie, and Marra; and (ii) terminate the Doe defendants;

3. Upon receipt from plaintiff of the documents for service, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, via electronic mail only;

4. A response to the amended complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

5. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

6. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**;

7.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions;

8.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**;

9.  The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

IT IS SO ORDERED.

Dated: September 12, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge